U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG 3 0 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| DONALD G. WHITTINGTON, ET AL. | CIVIL ACTION NO. 06-1068-A |
|---|---|
| -vs- | JUDGE DRELL |
| PATRIOT HOMES, INC., ET AL. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a Motion to Dismiss filed by Defendant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). (Doc. 17). Despite the passage of nearly two months since the Motion was filed, Plaintiffs Donald G. Whittington and Jessica M. Whittington have filed no opposition. After reviewing the pleadings and applicable law, Vanderbilt's Motion to Dismiss will be GRANTED.

Background

In May 2002, Plaintiffs purchased a manufactured home from Defendant Harvest Investments Corporation ("Harvest"). (Doc. 1). The home was manufactured by Defendant Patriot Homes, Inc. ("Patriot"). (Doc. 1). In conjunction with purchasing the home, Plaintiffs entered into a "Consumer Loan Note and Security Agreement" ("Security Agreement") with Chase Manhattan Bank USA ("Chase") for the purpose of obtaining financing for the home. (Doc. 1).

Vanderbilt subsequently purchased the Security Agreement from Chase. (Doc. 21).

Plaintiffs' complaint alleges they have experienced on-going problems with mold in the home, which allegedly began shortly after they purchased the home. Although Patriot and Harvest attempted to eradicate the mold, Plaintiffs maintain that "because of the presence of mold and health related conditions affecting their minor child," they have moved out of the home. (Doc. 1). Plaintiffs brought a redhibition action against Harvest, Patriot, Vanderbilt and Chase.

Plaintiffs' claims against Vanderbilt are based on Vanderbilt's status as the holder of the Security Agreement. (Doc. 1). Plaintiff cites the following provision (the "Notice Provision") from the Security Agreement to show Vanderbilt is liable to them:

> NOTICE–ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

According to Plaintiffs, as a result of the Notice Provision, all claims asserted against Harvest are viable against Vanderbilt. (Doc. 1) Vanderbilt seeks dismissal of the claims against it pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiffs have failed to state a claim upon which relief can be granted as to Vanderbilt.

Vanderbilt claims that Plaintiffs' redhibition action lies solely against Harvest and Patriot. (Doc. 17).

Law and Analysis

Rule 12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the Plaintiff failed "to state a claim upon which relief can be granted." To avoid dismissal on a 12(b)(6) motion, the plaintiff must have pled specific facts, sufficient to allege all elements of a right to recover against the defendant. Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). The question the Court must consider when ruling on a Rule 12(b)(6) motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

The Court is surprised by Vanderbilt's failure to note that the Notice Provision is not an enforceable provision in the Security Agreement. In the Security Agreement, written just above the Notice Provision, is the following statement: "The Notice [Provision] below applies to this consumer loan if an "X" appears in the box to the left and Lender has signed at the right." (Doc. 4, Exh. D). Although an "X" does appear in the box, the Lender did not sign in the applicable space. As no signature appears on behalf of the Lender, the Notice Provision was not enacted and therefore the Notice Provision is not part of the Security Agreement. Further, because the Notice Provision does not apply, and

3

no other clause in the Security Agreement creates lender liability, the Court looks to whether, under Louisiana law, a lender is liable in a suit in redhibition.

An action in redhibition is based on a breach of the seller's obligations to the buyer. Tillman v. Davidson, 501 So.2d 1067 (La. App. 2nd Cir. 1987)(citing La. Civ. Code Art. 2475). Louisiana Civil Code Chapter Nine (La. Civ. Code Articles 2520 through 2548) governs redhibition actions. None of the articles in Chapter Nine indicate that a lender has any liability to a buyer in a redhibition action. Rather, the articles only address seller liability. Louisiana courts have determined that a plaintiff has no cause of action against his lender. See Turner v. Willow Tree Townhomes P'ship, 533 So.2d 107 (La. App. 4th Cir. 1988)(citing Kearney v. Maloney, 296 So.2d 865 (La. App. 4th Cir. 1974)); Ready v. Rhea, 222 So.2d 560 (La. App. 2nd Cir. 1969). It is clear to the Court that a lender does not have any liability to a buyer in a redhibition action. Therefore, Vanderbilt is not liable to Plaintiffs for the claims asserted in their petition and Vanderbilt's Motion to Dismiss will be GRANTED.

SIGNED on this 29th day of August, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE