UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DONALD G. WHITTINGTON, et al.

CIVIL ACTION NO. 06-1068 (LEAD)
CIVIL ACTION NO. 06-2129 (MEMBER)

-vs-

JUDGE DRELL

PATRIOT HOMES, INC., et al.

MAGISTRATE JUDGE KIRK

## R U L I N G

Before the Court is defendant Chase Bank USA, N.A.'s ("Chase") motion to dismiss (Doc. 79) the complaint and first amended and supplemental complaint of the plaintiffs, Donald G. Whittington, Jr. and Jessica M. Whittington ("the Whittingtons"), pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set out below, Chase's motion is GRANTED with respect to the Whittingtons' claims against Chase.

### BACKGROUND

The Whittingtons purchased a mobile home manufactured by defendant Patriot Homes ("Patriot") from defendant Harvest Investments Corp. ("Harvest") in 2002.  The purchase was financed through an agreement with defendant Chase Bank USA, N.A. ("Chase"), which was effected on May 6, 2002 ("Finance Contract # 1") (Exh. A to Doc. 63, Whittingtons' Opp.; Bates # 108-115).  Finance Contract # 1 prominently contains the following language ("the Notice") on the signature page:

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS
> SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD

ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED
PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.  RECOVERY
HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY
THE DEBTOR HEREUNDER.

(Exh. A to Doc. 63, Whittingtons' Opp.; Bates # 115).

On July 15, 2003, the Whittingtons refinanced the loan through Chase, at which

point Finance Contract #1 was replaced with a new agreement ("Finance Contract #

2").  The same notice language was present in a box on the signature page of Finance

Contract # 2, but the box also clearly stated: "The Notice below applies to this consumer

loan if an 'X' appears in the box to the left and Lender has signed at the right."  As we

noted in our ruling entered August 30, 2006, the box on Finance Contract # 2 does

contain an "X," but there is no signature at the right; thus, we held, the Notice was not

effective according to the face of the document.  (Doc. 26, pp. 3-4).

On December 6, 2004, Chase assigned its rights in Finance Contract # 2 to

Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt").  As of that date, Chase ceased to

have any interest in the note.  On May 17, 2006, the Whittingtons filed suit in the 7th

Judicial District Court for Concordia Parish, Louisiana, and on June 13, 2006, the

Whittingtons filed a first supplemental and amending petition in the state court.  The

Whittingtons' claims are related to alleged defects in the manufactured home that they

purchased in 2002 which defects caused a serious and persistent mold problem.

Specifically, they assert claims in redhibition and for unfair and deceptive acts or trade

practices.

The suit was timely removed to this Court on June 26, 2006.  On July 14, 2006

Vanderbilt filed its answer and counter-claim against the Whittingtons, and on January

2

16, 2007, Vanderbilt's amended counter-claim was entered in the record.  On August 30, 2006, our ruling (Doc. 26) and judgment dismissing the Whittingtons' principal claims against Vanderbilt were entered in the record.[1] We recently granted Vanderbilt's motion for summary judgment (Doc. 60) and entered judgment in Vanderbilt's favor on its counter-claim against the Whittingtons.

On November 26, 2007, Chase filed the instant motion to dismiss (Doc. 79), arguing that the Whittingtons' claims against Chase should be dismissed on substantially the same grounds that we dismissed the Whittingtons' claims against Vanderbilt in our ruling entered August 30, 2006 (Doc. 26), particularly (a) the ineffective Notice in Finance Contract # 2 and (b) the lack of lender liability under redhibition. Chase asserts that there is no other independent basis for imposing liability on it.  In response, the Whittingtons argue that Chase should be liable based on (a) the unqualified Notice contained in Finance Contract # 1 and (b) the fact that the Notice was required by a Federal Trade Commission ("FTC") regulation, 16 C.F.R. § 433.2, and so should be read into Finance Contract # 2.  We address these arguments below.

## RULE 12(b)(6) STANDARD

Fed. R. Civ. P. 12(b)(6) allows a party to request that the Court dismiss an action based on a plaintiff's "failure to state a claim upon which relief can be granted."  To prevail on a motion to dismiss under Rule 12(b)(6), "a defendant must show that 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)

---

[1] Later, the Whittingtons voluntarily dismissed without prejudice Harvest, the seller of the manufactured home.  (Doc. 36).

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The question the Court must consider when ruling on a Rule 12(b)(6) motion is:  "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1357, at 601 (1969)).

## ANALYSIS

Our analysis of this motion is greatly simplified, as we rely almost entirely on our ruling granting Vanderbilt's motion to dismiss and our ruling granting Vanderbilt's motion for summary judgment on its counter-claim.  Rather than restate our prior analyses, we summarize them here for the convenience of the parties.

The Whittingtons assert no legal basis, and we can find none, for relying on Finance Contract # 1 for any purpose.  Rather, Finance Contract # 1 was extinguished in the July 15, 2003 refinancing, and Finance Contract # 2 took its place.  That is why we have looked only to Finance Contract # 2 in both prior rulings mentioned above.  Although Finance Contract # 1 contained an unqualified Notice, as apparently required by 16 C.F.R. § 433.2, Finance Contract # 2 did not.  As we fully explained in our ruling on Vanderbilt's motion for summary judgment, there is no basis for reading the Notice into the contract, where the face of the contract unambiguously shows that the Notice is not effective.[2]  Thus, the Notice is not effective as to any holder, and we have already

---

[2] We are persuaded by the FTC Bureau of Consumer Protection's "Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses," 41 Fed. Reg. 20022-27 (1976), which provides:

noted in our ruling on Vanderbilt's motion to dismiss (Doc. 26) that there is no independent lender liability in redhibition.  Thus, the analysis for these issues is the same as in our prior rulings, most relevantly in our ruling granting Vanderbilt's motion to dismiss.

The only additional issue that Chase raises in its memorandum in support of its motion to dismiss is the Whittingtons' claims relating to unfair and deceptive acts or trade practices, specifically those under the Louisiana Unfair Trade Practices Act ("LUTPA").  Chase asserts that it is exempted from LUTPA claims under La. R.S. § 51:1406(a), which provides in relevant part:

> The provisions of this Chapter shall not apply to:
>
> (1) Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.

---

The requirement that a contract "contain" the Notice is not satisfied if the text of the Notice is printed in the contract in conjunction with additional recitals which limit or restrict its application.  Where the text of the Notice is qualified by additional language, the contract fails to "contain" the required Notice.

Id. at 20023.

The unfortunately harsh rule is that violation of 16 C.F.R. § 433.2 gives rise only to enforcement by the FTC itself, rather than a private cause of action.  See, e.g., Bartels v. Alabama Commercial College, Inc., 918 F.Supp. 1565 (S.D. Ga. 1995), aff'd in part, rev'd in part, 189 F.3d 483 (11th Cir. 1999), cert. denied, 528 U.S. 1074 (2000).

Id. The Whittingtons do not dispute Chase's assertion, and considering the nature of Chase and the nature of the transaction, it is clear that the plain language of the statute exempts Chase from a LUTPA claim.

Consequently, Chase has demonstrated that the Whittingtons have failed to state any claim against Chase upon which relief can be granted, in that the Whittingtons "can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." Tuchman, 14 F.3d at 1067.

## CONCLUSION

For the foregoing reasons, including those stated in our prior rulings on Vanderbilt's motion to dismiss and motion for summary judgment, Chase's motion to dismiss (Doc. 79) is GRANTED. By separate judgment, all of the Whittingtons' claims against Chase are DISMISSED WITH PREJUDICE.

SIGNED on this 10 day of April, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE