

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD G. WHITTINGTON, et al. | CIVIL ACTION NO. 06-1068 (LEAD)<br>CIVIL ACTION NO. 06-2129 (MEMBER) |
| -vs- | JUDGE DRELL |
| PATRIOT HOMES, INC., et al. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a motion to set attorney's fees (Doc. 102) filed by counter-claimant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), following our April 10, 2008, judgment in favor of Vanderbilt, relating to Vanderbilt's counter-claim against the plaintiffs. For the reasons set forth below, the motion will be granted in the amount of $8,027.50.

### ANALYSIS

The above captioned case was removed to this Court on June 26, 2006, with Vanderbilt named as a co-defendant. On July 14, 2006, Vanderbilt filed its answer and a counter-claim relating to Finance Contract #2 (Doc. 62) ("the Note"). On August 30, 2006, we entered a judgment dismissing Vanderbilt as a co-defendant, and on April 10, 2008, we entered another judgment in favor of Vanderbilt, this time relating to its counter-claim on the Note. In that judgment, we also awarded Vanderbilt "all costs of

collection, including attorney's fees and court costs" (Doc. 98), based on the following clause in the Note:

> 3. **Collection Costs:** If and to the extent allowed by law, I will pay: a) any court costs if you take collection action; and b) if you use an attorney who is not your salaried employee, your reasonable attorney's fee.

(Doc. 62, p. 4).

On April 16, 2008, Vanderbilt submitted the instant motion to set attorney's fees (Doc. 102).[1] It is undisputed that Vanderbilt's attorney is not its salaried employee, so Vanderbilt is entitled to collect attorney's fees. Vanderbilt's attorney has now submitted extensive documentation of the time expended on this case and the billing rates charged. The plaintiffs argue that a significant portion of Vanderbilt's attorney's time spent on this case did not involve a "collection action." We must agree. Vanderbilt's victory as a co-defendant could not (and did not) result in collection on the note. Only Vanderbilt's counter-claim constitutes a collection action, since that was the only means for recovery under the note.

Taking the above facts into account, we must now determine the appropriate award of attorney's fees. The Fifth Circuit has explained the procedure for this calculation as follows:

> [D]etermination of reasonable attorneys' fees involves a two-step procedure. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Id. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984) (defining base fee to be product of reasonable hours and reasonable rate);

---

[1] Neither the motion nor the evidence attached thereto discusses costs, nor shall this opinion.

Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 (defining product of hours reasonably expended and reasonable hourly rates as "the most useful starting point"); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. Brantley, 804 F.2d at 325. Determinations of hours and rates are questions of fact. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990) (reviewing hours for clear error).

\* \* \*

As noted, the first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended. Baughman v. Wilson Freight Forwarding Co., 583 F.2d 1208, 1214 (3d Cir. 1978). The district court must determine whether the hours claimed were "reasonably expended on the litigation." Alberti v. Klevenhagen, 896 F.2d 927, 933-34 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir. 1990); see also Hensley, 461 U.S. at 434, 103 S. Ct. at 1939 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S. Ct. at 1941; see also Bode, 919 F.2d at 1047 ("The party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").

Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden. Id. "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." Id.; see also Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete. See Alberti, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); Leroy v. City of Houston (Leroy I), 831 F.2d 576, 585-86 (5th Cir. 1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); cf. Hensley, 461 U.S. at 433, 103 S. Ct. at 1939 (counseling that "where the

3

documentation of hours is inadequate, the district court may reduce the award accordingly").

* * *

Failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours. Heasley v. Commissioner, 967 F.2d 116, 123 (5th Cir. 1992).

Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-325 (5th Cir. 1995).

As noted in Kellstrom, "Adjustment of the lodestar in this circuit involves the assessment of a dozen factors" from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):

> The factors include: 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases. 488 F.2d at 717-19.

Kellstrom, 50 F.3d at 329 n. 19. "Although all of the Johnson factors must be considered, recent decisions of this Court suggest that district courts, in computing attorneys' fees, should pay special heed to Johnson criteria numbers (1) the time and labor involved, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation, and ability of counsel." Copper Liquor, Inc. v. Adolph Coors Co., 624 F.2d 575, 583 (5th Cir. 1980) (citations omitted).

In this case, Vanderbilt's attorney has submitted documentation evidencing 152.3 total hours expended, for a total fee of $18,725.50. Taking those figures into account, we

arrive at an average hourly rate of $122.95. The plaintiffs, on the other hand, contend that most of those hours are related only to the defense of the plaintiffs' suit, not the counter-claim (i.e., collection action). At best, the plaintiffs claim, Vanderbilt's attorney's fee should be capped at $7,269.50, excluding the hours noted in Exhibit A to the plaintiff's memorandum in opposition. The plaintiffs are willing to concede that Vanderbilt's attorney expended 58.7 hours on the collection action. Taking those figures into account, we arrive at an average hourly rate of $123.84.

It is clear, however, that the plaintiffs improperly excluded from their calculations hours that were reasonably expended on the collection action. For instance, the plaintiffs seek to exclude research on the holder in due course doctrine (June 22, 2006), communication regarding the disclosure statement (June 26, 2006), and research on the procedural strategy for protecting rights to collateral (June 29, 2006), all of which are most likely related to the collection action. Furthermore, we are mindful of the fact that we dismissed Vanderbilt as a defendant on August 30, 2006, and denied a motion for reconsideration on November 22, 2006; thus, after these points, Vanderbilt's only interest in this case was as a counter-claimant. However, the plaintiffs seek to exclude numerous entries following these dates. The billing entries, to be sure, are at times vague as to exactly what was done, but it is reasonable to assume that at least some of this work was expended on the collection action.

We find that Vanderbilt's attorney expended 65 hours on the collection action, and we find that the average hourly rate was approximately $123.50 for those hours, resulting in a total of $8,027.50 for the lodestar. Although we believe the number of

hours may have been higher, especially in light of Vanderbilt's early victory as a defendant, we are limited to the documentation before us. We find that this hourly rate and the amount of time expended are reasonable for the type of work involved and particularly for the result obtained. Neither these <u>Johnson</u> factors nor any others merit adjusting the lodestar. Accordingly, Vanderbilt's motion will be granted in the amount of $8,027.50.

## CONCLUSION

For the foregoing reasons, Vanderbilt's motion to set attorney's fees (Doc. 102) will be granted in the amount of $8,027.50.

SIGNED on this 5 day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE